UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Leandra Brandon,** *Plaintiff,* <br><br> v. <br><br> **Harris County, City of Houston, Harris County Sheriff's Department and Officer Valen Broadhead** *Defendants* | Case No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Leandra Brandon ("Plaintiff") respectfully comes before this Honorable Court pursuant to 42 U.S.C 1983 complaining of the Harris County, City of Houston, Harris County Sheriff's Department, and Officer Valen Broadhead (hereinafter "Defendants"). The Defendants acted under color of state law and deprived the Plaintiff of her right to be free from false arrest, malicious prosecution, and excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The Plaintiff specifically alleges the following:

### PARTIES AND ADVERSE PERSON(S)

1. Plaintiff, Leandra Brandon, is an individual who resides in Harris County, Texas and may be reached by and through counsel of record: Alexander Houthuijzen, 917 Franklin St. Suite 230, Houston, Texas 77002 Phone: (713) 600-9902 Fax: (832) 565-9003.

2. Defendant, the City of Houston, is a political subdivision of the State of Texas, and may be served with process by serving the Mayor of Houston, Sylvester Turner, or the Secretary of the City of Houston, Anna Russell, at 900 Bagby Street, Houston, Texas 77002, or wherever its registered agent may be found.

3. Defendant, Harris County, is a duly-organized county in the State of Texas and may be served with process by serving County Attorney at 1019 Congress, Fifteenth Floor, Houston, Texas 77002 or wherever its registered agent may be found.

4. Defendant, Harris County's Sheriff's Department is a law enforcement agency and may be served at 1200 Baker St, Houston, Texas 77002 or wherever its registered agent may be found.

5. Defendant, Valen Broadhead, is a law enforcement officer and may be served at 1200 Baker St., Houston, Texas 77002.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 1343(a)(3) and (4) because the Plaintiff's suit arises under 42 U.S.C. 1983.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1342, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing

for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

8. Plaintiff brings this action to redress the unlawful and flagrant excessive force, unlawful arrest, and malicious prosecution against the Plaintiff pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution made applicable to Defendants because of this federal due process violation.

9. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to hear and decide claims arising under state law.

10. Venue is proper in this district court pursuant to 28 U.S.C. §1391(b) because Defendants reside or resided in this district during the relevant time period and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas.

11. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS RELEVANT TO ALL COUNTS

12. The Harris County Sheriff's Office, as a county in the State of Texas, has an ongoing custom and a historical custom of engaging in investigatory tactics and police procedures that involve excessive force, arrests devoid of probable cause, and starting prosecutions which are only maliciously brought to bring harm upon the person prosecuted.

13. The aforesaid customs include, but are not limited to: (a) executing procedures, purported to be an investigation of crime, but so lacking in logic and meaningful effort as to constitute

no meaningful attempt to investigate crime; (b) willfully refusing to engage in proper education so that a peace officer may know how to use force without excessively causing harm to the citizens; (c) charging citizens with crimes to cover up unethical behavior by law enforcement; (d) intentionally charging citizens with crimes that were created by the police to cover up force that was used to severely injure citizens; (e) failing to train law enforcement how to handle tasers properly including what to do before, during, and after a citizen is tased by an officer; (f) violating the clearly established right in a free society for a person to be free from unreasonable use of force by an officer, and (g) violating the citizens' clearly established right to due process of law.

14. Defendant has certain policymakers who are aware of these shortcomings (though described in different terms), have failed to take any meaningful remedial actions, and, through willful blindness, have endorsed these customs. These policymakers include, but are not limited to: Sheriff Ed Gonzalez. Further policymakers include the not yet known field training officers of Officer Valen Broadhed whose training is so lacking in any meaningful way that performance of her job could be called at best: poor. These policymakers are parties to this case.

15. Plaintiff is and was, during all relevant times complained of, a citizen of the United States of America.

16. Through the customs laid out above, Defendant deprived Plaintiff rights, privileges, and immunities secured by the United States Constitution. This deprivation included depriving Plaintiff of Plaintiff's right to be free from unreasonable searches and seizures as

guaranteed by the Fourth Amendment of the United States Constitution as well as her right to be free from unreasonable use of force. This deprivation also included depriving Plaintiff's guarantee of equal protection by the law prescribed in the Fourteenth Amendment of the United States Constitution. The particulars of these deprivations are described more fully below.

## FACTS

17. On April 3, 2020, Plaintiff arrived at 12038 Veterans Memorial Drive, a local gas station where she is a regular customer.

18. On that evening, Plaintiff had no idea who or what was about to happen to her that was going to change her life forever.

19. Plaintiff was approached by Defendant, Officer Broadhead.

20. Broadhead suspected Plaintiff was intoxicated.

21. The specifics of what followed are up for debate, but finally in the video, Defendant Broadhead is seen stepping back from the driver side of the car where Plaintiff is sitting in the driver's seat.

22. Defendant, Officer Broadhead, is on video shooting a taser at Plaintiff when Plaintiff "failed to comply with lawful orders".

23. Broadhead drags her out of her car after the tasering and slams her on the ground. (Pictures of the injuries sustained have been attached to this complaint as Exhibit 1-14).

24. Plaintiff suffers a broken wrist, a bloody face, a black eye, a fractured eye socket, and various scrapes and bruises over an officer-created situation. Plaintiff's injuries are so

extensive she has already had surgery on her wrist and her eye socket.

25. After Broadhead gets Plaintiff on the ground, she presses her knee into Plaintiff's back keeping her face pinned to the ground, reminiscent of a recent event in human history which has caused pandemonium across the United States.

26. 9 officers arrive on scene and not a single person in uniform does anything to help Plaintiff. However, Broadhead does taser Plaintiff again. In fact, in her sworn complaint, Broadhead mentions numerous deployments of the taser's electric shock to the Plaintiff who at that point was completely immobilized from the amount of force which Broadhead was still using against Plaintiff.

27. With blood pouring out of her, face shoved into the concrete ground, a knee in her back, and her wrist underneath her body; Plaintiff waited ten minutes or more for EMS to arrive. Plaintiff's life meant nothing to Defendant Broadhead. (Exhibit 15 – Video of Incident)

28. Finally, EMS arrived and Plaintiff was taken to the hospital. Broadhead and all the rest of the lazy, unethical, and immoral officers who were there stood around and did nothing to help Plaintiff. Broadhead kept her knee on Plaintiff's back though. Until EMS arrived.

29. The use of force policy and the Taser policy promulgated by the Harris County Sheriff's Office are unconstitutional.

30. Officer Broadhead's actions are just one of many instances where these policies do not work and citizens are harmed because of it.

31. Furthermore, this custom or policy of deploying tasers when an officer is unsure of how to act or how to gain compliance to quell a serious situation is what caused the deprivation of

Plaintiff's constitutional rights.

32. This use of force was unreasonable given the situation and Officer Broadhead should be investigated and disciplined for her conduct.

33. To quote the words of the AUSA, Erica MacDonald, who spoke after the death of George Floyd, "If an officer is acting under color of state law, and acts to deprive anyone of the rights given to them by the Constitution… they are in violation of federal criminal law." Plaintiff would encourage law enforcement at every level to investigate this case as police officers across this nation use excessive force to gain compliance; only two things remain clear: the police must stop harming the citizens and they must be held accountable for their actions just like everybody else.

## CAUSES OF ACTION

### COUNT 1: 42 U.S.C. 1983

34. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 47.

35. During all relevant time periods complained of herein, the Plaintiff had a right to be free from unreasonable searches and seizures that was protected by both the Fourth Amendment and Fourteenth Amendment to the United States Constitution. This violation of this right forms the basis of the Plaintiff's claim.

36. The Plaintiff's right to be free from unreasonable searches and seizures was violated when the events described in this complaint unfolded.

37. During all relevant time periods complained of herein, the officers complained of were acting under color of state law because: (a) they sought and obtained the Plaintiff's arrest warrant pursuant to the Texas Code of Criminal Procedure; and (b) they arrested and jailed the Plaintiff pursuant to the Texas Code of Criminal Procedure; and (c) they took certain actions to encourage the Harris County District Attorney to accept or otherwise maintain criminal charges against the Plaintiff. But for their status as peace officers, the officers complained of would not have been able to perpetrate the wrongs complained of in this petition.

38. As a result of these constitutional injuries, the Plaintiff suffered actual losses, mental anguish, humiliation, impairment of reputation, and out-of-pocket losses. Even absent these damages, the Court must and should award the Plaintiff nominal damages.

39. Additionally, Harris County Sheriff's Deputies, while acting within their official capacity, deprived Plaintiff of her constitutional rights to be free from unfounded arrest and bad faith prosecution. A claim of false arrest implicates guarantees of the Fourth and Fourteenth Amendments and, therefore, is actionable under § 1983. *See Sorenson v. Ferrie,* 134 F.3d 325, 328 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.,* 65 F.3d 1299,1305 (5th Cir. 1995); *Sanders v. English,* 950 F.2d 1152, 1159 (5th Cir. 1992); *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir. 1988). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Blessing v. Freestone,* 520 U.S. 329, 340,

137 L. Ed. 2d 569, 117 S. Ct. 1353 (1997); *Daniels v. Williams,* 474 U.S. 327, 330, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); *Augustine v. Doe,* 740 F.2d 322, 324-25 (5th Cir. 1984).

40. The foregoing actions amounted to a clear violation of the Plaintiff's constitutional rights.

## COUNT 2: 42 U.S.C. 1983 – Failure to Train, Custom of Taser Usage Unconstitutional

41. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 62.

42. Harris County failed to train, supervise, and discipline its employees amounting to a deliberate indifference to the Plaintiff's constitutional rights. *City of Canton, Ohio v. Harris,* 489 U.S. 378 (1989).

43. At all times relevant, the Defendants had a duty to train, supervise, and discipline their employees and agents. The Defendants did not train Deputy Broadhead properly.

44. Defendants breached that duty, in part, by

   a. Improperly training, authorizing, encouraging or directing officers on proper use of force

   b. Failing to investigate allegations of false arrest and improper police techniques (such as not using a taser when words were sufficient)

   c. Failing to discipline for violations of policy concerning lineup procedures.

45. This policy is tacitly or overtly sanctioned, as evidenced by the conduct of HCSO and the Harris County's failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting to deliberate indifference to Plaintiff's constitutional

rights.

46. *Monell* liability can be imputed to both Defendants because there was a failure to train the police officers in this case in doing proper lineup procedures as evidenced by the lack of a lineup in this case. Even without a pattern of previous constitutional violations, Plaintiff prevails on any question of law concerning whether *Monell* liability can be imputed to the city for one constitutional violation. *Brown v. Bryan County, OK*, 219 F.3d 450 (5th Cir. 2000).

## COUNT 3: 42 U.S.C. 1983 – Excessive Force

47. Plaintiff incorporates paragraphs 1 to 45 as if fully incorporate herein.

48. Plaintiff further complains of Defendants and would show that the Defendant, Valen Broadhead, used excessive force against Plaintiff in effectuating her arrest for a non-violent offense of interfering with public duties, but which later became evading arrest in a motor vehicle (an offense which requires movement, the only movement in this case is when Officer Broadhead beat the Plaintiff).

49. Defendant Broadhead used force against Plaintiff that was unnecessary in light of the circumstances.

50. Defendant Broadhead:

    a. Knew that Plaintiff did not present a danger to herself or others;

    b. Affirmatively chose to use force that caused injury to Plaintiff; and

    c. Used force that was excessive to the need.

51. Plaintiff's constitutional right to remain free from excessive force was:

    a. Secured to her by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. Violated by Defendant Broadhead; and

    c. Clearly established within both the Fifth Circuit and the Southern District of Texas at all times relevant hereto.

52. At all times relevant hereto, all reasonable police officers would have known:

    a. law enforcement officers must only use force that is justified by a need;

    b. the use of force by a law enforcement officer must be objectively reasonable in light of the circumstances;

    c. Plaintiff had a clearly established right to remain free from an unreasonable use of force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and

    d. the quantum of force used by Defendant Broadhead against Plaintiff was excessive to the need.

53. Defendant Broadhead's conduct was the moving force behind Plaintiff's injuries.

54. Plaintiff seeks punitive damages against Defendant Adams because she:

    a. acted with conscious indifference to the possibility that she would unnecessarily injure Plaintiff under the circumstances;

    b. acted with reckless or callous indifference to Plaintiff's federally protected rights;

    c. acted with deliberate indifference to the likelihood that she would violate Plaintiff's constitutional rights by using excessive force that was unjustified by the need;

    d. recklessly trampled on Plaintiff's clearly established constitutional rights through plainly unlawful conduct;

    e. acted in a grossly negligent manner;

    f. knew Plaintiff did not present a danger to herself or other persons in the immediate vicinity;

    g. acted with conscious indifference to Plaintiff's rights when she utilized force in excess of any need at the time of such arrest;

    h. acted with conscious indifference to Plaintiff's rights when she used force that caused serious injuries to Plaintiff; and/or

    i. recklessly trampled on Plaintiff's clearly established constitutional rights through plainly unlawful conduct.

55. Any reasonable officer would know such conduct:

    a. is impermissible during any detention;

    b. was a clear violation of Plaintiff's constitutional rights; and

    c. was conduct unbecoming of a police officer.

### COUNT 4: 42 U.S.C. 1983 – Violation of Due Process

56. Plaintiff's constitutional right to due process as a free citizen was:

    a. Secured to her by the Fourteenth Amendment to the United States Constitution

    b. Violated by Deputy Broadhead, all other deputies at the scene of the incident, and HCSO; and

    c. Clearly established within both the Fifth Circuit and the Southern District of Texas

57. On April 3, 2020, Defendants violated Plaintiff's Fourteenth Amendment right to Due Process when they:

    a. Used unnecessarily excessive force;

    b. Caused serious injuries to Plaintiff's eye and wrist causing her to have two separate and distinct surgeries;

    c. Used excessive force without furthering any legitimate penological interest;

    d. Used said excessive force in bad faith, maliciously, and recklessly; and

    e. By using excessive force that was objectively unreasonable under the circumstances herein.

58. Defendants' conduct was:

    a. deliberate and purposeful;

    b. was plainly incompetent;

    c. a knowing violation of the law;

    d. predicated upon the patently unreasonable belief that the conduct herein was reasonable;

    e. an intentional violation of the law;

    f. consciously and deliberately indifferent to Plaintiff's constitutional rights and safety;

    g. performed while knowingly disregarding the obvious risk that repeatedly tasering a defenseless person multiple times then slamming that person on the ground and holding the person on the ground (knee in the back) while blood accumulates beneath her would constitute unreasonably excessive force that caused serious bodily injury;

    h. performed while knowingly disregarding the obvious risk that the above actions would designedly result in his inability to comply with any officer's verbal commands or physical forces

    i. a significant threat to Plaintiff's clearly established constitutional right to remain free from Due Process violations and excessive force;

    j. evidences unreasonable misunderstandings of their respective powers and responsibilities.

59. No reasonable officer could ever believe that Plaintiff's inability to comply with an officer's commands or forces under the circumstances herein warranted the reckless, malicious, bad faith, and deliberately indifferent abuse perpetrated by Defendants herein.

60. Police officers are not even arguably given the discretion to beat the People until they lose part of their sight simply because they are incapable of complying with officers' commands or forces.

61. Plaintiff seeks punitive damages against Defendants because they:

   a. knew they lacked constitutional authority to treat Plaintiff the way they did under the circumstances herein;

   b. acted with conscious indifference to the possibility that they were performing unreasonably unlawful acts;

   c. acted with reckless or callous indifference to Plaintiff's federally protected rights;

   d. recklessly violated Plaintiff's clearly established constitutional rights to remain free from Due Process violations; and

   e. acted in a grossly negligent manner.

62. No reasonable police officer would ever believe they had the right to participate in and allow the beating of Plaintiff under the facts herein.

## JURY DEMAND

63. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## DAMAGES

64. As a result of the actions and circumstances described above, Plaintiff has suffered injuries and damages including but not limited to one or more of the following:

   a. Past and future physical injuries and impairment;

   b. Past and future mental injuries and impairment;

   c. Past and future pain and suffering;

    d. Past and future mental anguish, emotional distress, anger, and humiliation;

    e. Past and future physical discomfort and/or inconvenience;

    f. Past and future economic losses and loss of earning capacity;

    g. Nominal damages;

    h. Presumed damages; and

    i. Past and future injury to good name and reputation.

## ATTORNEY'S FEES

65. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. §§ 1983 and 1988.

## EXHIBITS

66. A number of exhibits have been attached to this complaint, all pictures taken after the incident where Deputy Broadhead caused great personal injuries to Plaintiff have been attached to this complaint. (Exhibit 1-14). The video of the incident has been attached as an exhibit, but due to the inability of counsel to attach that video electronically, a copy has been delivered to the Federal district clerk to be attached to this case. (Exhibit 15).

## PRAYER FOR RELIEF

67. For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendants consistent with the relief requested herein and award the Plaintiff $1,000,000.00 in actual damages and $10,000,000.00 in punitive damages along with costs of this action including reasonable attorney fees, and for any and all other relief Plaintiff is entitled.

Dated: June 30, 2020

Respectfully Submitted,

_____
**Alexander J. Houthuijzen**
Texas Bar No. 24101224
Fed ID No. 3083690
917 Franklin St. 230
Houston, Texas 77002
(713) 600-9902
(832) 565-9003
alex@alexthedefender.com
*Attorney for Plaintiff Leandra Brandon*