Case 4:20-cv-02300   Document 33   Filed on 12/04/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEANDRA BRANDON, | § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. H-20-2300 |
| HARRIS COUNTY SHERIFF'S OFFICE, et al., | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

In an early morning in April 2020, Harris County Deputy Valen Broadhead approached Leandra Brandon as she sat in her car at a gas station. The parties dispute what happened next. Broadhead asserts that she suspected Brandon to be intoxicated and that Brandon refused Broadhead's direction to get out of the car. Brandon offers a different account. The parties agree that Broadhead tasered Brandon repeatedly, eventually dragging her from her car. Brandon sustained serious injuries, including a broken wrist and a fractured eye socket, both requiring surgery. Brandon sued Harris County and Officer Broadhead in June 2020, alleging excessive force, unlawful arrest, and malicious prosecution, in violation of the Fourth and Fourteenth Amendments, and asking this court to exercise supplemental jurisdiction over state law claims. (Docket Entry No. 1). Harris County and Broadhead moved to dismiss, (Docket Entry Nos. 21, 22), and Brandon amended her complaint. (Docket Entry No. 25). At a hearing in December 2020, counsel for Brandon clarified that the only claims she is pursuing are federal excessive-force claims against Harris County and Broadhead.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a),

1

which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Brandon alleges that Broadhead used excessive force during the stop, in violation of the Fourth and Fourteenth Amendments. (Docket Entry No. 25 at at 13–16). Harris County and Broadhead move to dismiss Brandon's Fourteenth Amendment excessive-force claim, arguing that the Fourth, not the Fourteenth, Amendment is the proper source for that claim. (Docket Entry No. 21 at 4–6; Docket Entry No. 22 at 4–5). Harris County also moves to dismiss the official capacity claim against Broadhead, because Harris County is already a defendant. (Docket Entry No. 21 at 7–8).[1]

When an excessive-force claim is based on an investigatory stop, "it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right to be secure in their persons against unreasonable seizures of the person." *Graham v.*

---

[1] Harris County and Broadhead also move to dismiss Brandon's malicious prosecution claim, (Docket Entry No. 21 at 4–5; Docket Entry No. 22 at 3). In addition, Harris County seeks dismissal of official capacity claims against any other Harris County employees, and a claim based on failure to discipline officers performing post-arrest lineups. (Docket Entry No. 21 at 7, 8). Because Brandon does not assert these claims in her amended complaint, the motions to dismiss these claims are denied as moot.

*Connor*, 490 U.S. 386, 394 (1989) (internal quotation and alterations omitted); *Saucier v. Katz*, 533 U.S. 194, 204 (2001) ("In *Graham*, we held that claims of excessive force in the context of arrests or investigatory stops should be analyzed under the Fourth Amendment's objective reasonableness standard, not under substantive due process principles." (quotation omitted)). In contrast, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham*, 490 U.S. at 395 n.10; *see also Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (same).

Brandon has alleged that Broadhead used excessive force during an investigatory stop resulting in her arrest. (Docket Entry No. 25 at 13). Because her claim is based on an unreasonable seizure, this court analyzes her claims under the Fourth, not the Fourteenth, Amendment. Brandon's Fourteenth Amendment excessive force claims are dismissed. Her claims proceed under the Fourth Amendment.

Brandon's amended complaint does not specify whether she sues Broadhead in an individual capacity, an official capacity, or both. (*See* Docket Entry No. 25). Counsel for Brandon clarified at oral argument that she asserts both individual and official-capacity claims. The Fifth Circuit has explained that when a defendant government employee is sued in both individual and official capacities and a government entity is also named as a defendant, "[t]he official-capacity claims and the claims against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). In other words, the official-capacity claims against the government employee and the claims against the government entity itself are "redundant." *See Eltalawy v. Lubbock Indep. Sch. Dist.*, 816 F. App'x 958, 963 (5th Cir. 2020) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Based on this redundancy, district courts in the Fifth Circuit have dismissed official-capacity claims in suits asserting both official-capacity

claims and claims against the government entity itself. *See*, *e.g.*, *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 322 (5th Cir. 2016) (affirming a district court's dismissal of official-capacity claims because the official-capacity claims were "redundant"); *Marceaux v. Lafayette City-Par. Consol. Gov't*, 614 F. App'x 705, 708 (5th Cir. 2015) (same); *Brown v. City of Houston, Texas*, No. CV H-17-1749, 2019 WL 7037391, at *4 (S.D. Tex. Dec. 20, 2019) (dismissing redundant official-capacity claims and explaining that "[t]he Fifth Circuit case law . . . amply supports dismissing redundant official-capacity claims."). Brandon's official-capacity claims against Broadhead are dismissed as redundant with her claims against Harris County.

Harris County's motion to dismiss and Broadhead's motion to dismiss, Docket Entry Nos. 21, 22, are granted in part and denied in part as moot. Brandon's official-capacity claim against Broadhead is dismissed. Brandon's motion for leave to amend her complaint to remove the official-capacity claim, Docket Entry No. 32, is denied as moot. Brandon's federal excessive-force claims against Harris County and against Broadhead in her individual capacity proceed under the Fourth Amendment.

SIGNED on December 4, 2020, at Houston, Texas.

                                                       Lee H. Rosenthal
                                          Chief United States District Judge